UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN VARVIL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00013-SNLJ |
| | ) | |
| BILL STANGE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

On January 24, 2023, Petitioner Jonathan Varvil ("Varvil") filed this Petition for Writ of Habeus Corpus pursuant to Title 28, United States Code, Section 2254. This Court then ordered Respondent Bill Stange to show cause why the relief requested in Varvil's motion should not be granted. Based on the reasons set forth below, this Court will dismiss Varvil's claims as waived and procedurally barred or otherwise deny them without an evidentiary hearing because they fail as a matter of law.

## I.    BACKGROUND

After a jury trial, the Circuit Court of Jefferson County, Missouri, convicted Petitioner Jonathan Varvil of five counts of first-degree statutory sodomy and one count of first-degree child molestation. The court sentenced Petitioner to five consecutive twenty-five year sentences on the sodomy counts and a consecutive fifteen-year sentence on the child molestation count. Petitioner's aggregate sentence is one hundred and forty years. Bill Stange, the Warden of the Southeast Correctional Center, is a proper party respondent. Because Petitioner is challenging a consecutive sentence that he has not yet begun to serve

Andrew Bailey, the Attorney General of Missouri is also a proper party Respondent. Habeas Rule 2.

### A. Facts of the Crime

The facts of the case are set out with transcript references in the State's direct appeal brief. Resp. Ex. 6 at 4–7. Victim K.D., who was under 14 at the time of the crime, testified to a single incident in which Petitioner committed both first-degree statutory sodomy against K.D. by touching K.D.'s genitals with his hand and committed first-degree child molestation against K.D. by rubbing his penis against K.D.'s back. *Id*. at 4–5. D.B. testified that on three separate occasions Petitioner touched D.B.'s genitals with his hand and mouth. *Id*. at 5–6. The jury convicted Petitioner of both the counts committed against the victim K.D. and four of the six counts alleged against the victim D.B., not finding Petitioner guilty of two of the counts that D.B. testified happened together on a particular occasion. *Id*. at 7.

### B. Direct Appeal

The Missouri Court of Appeals rejected a claim that the evidence was insufficient to convict on the four counts of statutory sodomy of which the jury convicted Petitioner concerning victim D.B. Resp. Ex. 9 at 2–4. The Court of Appeals found that D.B. testified to the elements of all the counts against D.B. of which Petitioner was convicted, the jury was the sole judge of the credibility and weight of the testimony, and the evidence was sufficient. *Id*.

The Court of Appeals rejected an unpreserved claim that the trial court committed plain error by making a reference at sentencing to people having a maker. *Id*. at 4–9. The

Court of Appeals found that the sentencing court stated that its sentence was based on the guilty verdicts, and the impact on the victims, and that the court imposed its sentence based on the rules in place, and that our country has one of the best sets of rules. *Id*. at 7. The Court of Appeals found that there is no evidence in the record that religion was a factor in sentencing and no due process violation. *Id*. at 9. The Court of Appeals also found that there was no plain error.

The Court of Appeals rejected an unpreserved claim that it was plain error for the prosecutor to have committed an alleged *Brady* or *Napue* violation because of an alleged discrepancy between the report of a social worker about an interview of victim K.D. and K.D.'s trial testimony about the location of the beds in K.D.'s home. *Id*. at 9–11. The Court of Appeals found that there was no evidence of falsehood in the testimony of the victim and no evidence of suppression, so the claim was without legal merit. *Id*.

The Court of Appeals rejected an unpreserved claim that it was plain error for the prosecutor to mention Petitioner's body language during closing argument. *Id*. at 11–13. The Court of Appeals found that the un-objected to comment was not a direct or indirect comment on Petitioner's decision not to testify and the trial court did not commit plain error in not *sua sponte* intervening.

The Court of Appeals rejected an unpreserved claim that it was plain error to admit the entirety of a letter by the victim K.D. *Id*. at 13–15. The Court of Appeals found that the defense referenced three portions of the letter to support a defense theory during cross-examination, and that the entire letter was therefore properly admissible under Missouri's rule of completeness. *Id*. at 15.

3

The Court of Appeals rejected a claim that the trial court erred in allegedly not correcting the victims' mother for crying during testimony but allegedly correcting Petitioner's father for making faces during closing argument. Id. at 15–17. The Court of Appeals found that there was no evidence in the record that either of these things happened, and that Petitioner could not support his claim on appeal by introducing affidavits that were not part of the trial court record. *Id*.

### C.  Post-Conviction Findings of Fact and Conclusions of Law

The post-conviction review court denied Petitioner's post-conviction claims that he presented in his amended post-conviction relief motion after an evidentiary hearing. Resp. Ex. 13, Document 9.

The motion court found counsel was not ineffective in advising Petitioner not to testify and that testimony by Petitioner may have made matters worse. *Id*. at 3–4.

The court found counsel's testimony that he properly advised Petitioner concerning his right to testify or not testify to be credible, and rejected a claim that counsel did not properly advise Petitioner. *Id*. at 4–5.

The motion court found that counsel reasonably did not call potential witness Cowan, because Cowan was endorsed as a rebuttal witness to information in an *ex parte* order but the *ex parte* order was not introduced. *Id*. at 5–6.

The court found counsel was not ineffective in not calling potential mitigation witnesses Fessler and Robert Varvil as the testimony would not have reduced Petitioner's sentence. *Id*. at 6–7.

The court found that counsel was not ineffective in the cross-examination of Officer

Wilkey. *Id*. at 7–8.

### D. Post-Conviction Appeal

The only claim that Petitioner raised in his appeal of the denial of post-conviction relief was that counsel was ineffective for not calling Fessler and Robert Varvil as mitigation witnesses at sentencing. Resp. Ex. 16 at 4. The Court of Appeals found there was no *Strickland* prejudice from not calling the witnesses as the sentencing judge found that the testimony would not have helped Petitioner. *Id*. at 4–6.

## II.    PETITIONER'S CURRENT CLAIMS

Petitioner now raises the following claims in this petition:

**Ground 1:** Petitioner alleges that there was necessarily insufficient evidence to convict on any of the counts involving victim D.B. because the jury only convicted on four of the six counts involving D.B.

**Ground 2:** Petitioner alleges the judge violated his rights by mentioning God during sentencing.

**Ground 3:** Petitioner alleges that the prosecutor either elicited false testimony or failed to disclose evidence because Petitioner perceives a discrepancy between a Children's Division report and the testimony of victim K.D.

**Ground 4:** Petitioner alleges that the prosecutor violated his rights by mentioning his demeanor during closing argument.

**Ground 5:** Petitioner alleges the trial court violated his rights by allowing a letter from victim K.D. to be read to the jury in its entirety.

**Ground 6:** Petitioner alleges that the victims' mother was not admonished for

crying during testimony but that Petitioner's father was admonished for shaking his head during close argument.

**Ground 7:** Petitioner alleges the following sub-claims regarding his trial attorney:

A.  Petitioner alleges that his counsel's representation was generally insufficient.

B.  Petitioner alleges that when making objections counsel would take too long to say why he was objecting, causing the jury to forget the point of the objection.

C.  Petitioner alleges that counsel did not preserve his objections.

D.  Petitioner alleges that counsel refused to do what Petitioner told him to do in cross-examining witnesses.

E.  Petitioner alleges counsel ineffectively advised Petitioner not to testify.

F.  Petitioner alleges that counsel refused to call witnesses that would have proved Petitioner's innocence.

G.  Petitioner alleges that counsel refused to present evidence given to him by Petitioner that would have proved Petitioner's innocence.

H.  Petitioner alleges that counsel was not adequately prepared for trial.

I.  Petitioner alleges that at sentencing he told the judge that he did not believe he had good representation.

J.  Petitioner alleges that at sentencing he told the judge that he was not sure about his representation and needed to talk to a different lawyer and the judge told him he believed that he had good representation.

## III.    STATUTE OF LIMITATIONS

AEDPA created a one-year window in which a habeas applicant can file a petition

for writ of habeas corpus. 28 U.S.C. § 2244(d). That window opens at the conclusion of direct review. § 2244(d)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150–51 (2012). The window closes a year later. Id. Direct review is completed when the fifteen-day period for filing for transfer to the Missouri Supreme Court expires, if a direct appeal is taken, and no transfer motion is filed in the Missouri Supreme Court. *Mayer v. Dormire*, 2005 WL 2454028 8 (E.D. Mo. 2005) at *1–*3. If Petitioner filed a transfer motion in the Missouri Supreme Court, then direct review is completed when the time for filing a certiorari petition expires, or the certiorari petition is denied. See *Lawrence v. Florida*, 549 U.S. 327, 333 (2007).

If a direct appeal is not taken, then the analysis is different. In Missouri, a judgment in a criminal case becomes final ten days after the imposition of sentence, starting the running of the one-year statute of limitations. *Kemper v. Steele*, 2007 WL 2020239 at *1 (E.D. Mo. 2007) (citing *Taylor v. State*, 632, 633 (Mo. App. E.D. 2000)); *State v. Nelson*, 9 S.W.3d 687, 688 (Mo. App. E.D. 199). Failure to file within that one-year window requires the court to dismiss the petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A); *see Cross-Bey v. Gammon*, 322 F.3d 1012 (8th Cir.), *cert. denied*, 540 U.S. 971 (2003).

The time during which a ***properly filed*** post-conviction relief motion is pending tolls the running of the statute of limitations. *Artuz v. Bennett*, 531 U.S. 4, 5 (2000). A motion is properly filed when its delivery and acceptance are in compliance with all laws and rules governing filings including the form of the document, the time limits on its delivery, the court in which it must be lodged, and the required filing fee. *Id*. at 8. A motion may be pending while not properly filed. Id. The tolling ends upon the conclusion of post-

conviction review. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006). Post-conviction review ends the day after the mandate issues in the state appellate court. *Id*.; Fed. R. Civ. P. 6(a)(1)(A); *King v. Hobbs*, 666 F.3d 1132, 1136 (8th Cir. 2012).

On June 4, 2019 the Missouri Supreme Court denied the motion for transfer that was filed in the Missouri Supreme Court. Resp. Ex. 11. Petitioner filed a post-conviction relief motion on July 22, 2019, before the expiration of ninety days for filing a certiorari petition ending direct review, tolling the limitations period before it started. Resp. Ex. 13. The post-conviction appeal mandate issued on June 23, 2022. Resp. Ex. 17. Petitioner filed in this Court on January 24, 2023. Doc. 1. The petition appears timely.

This Court may *sua sponte* enforce the statute of limitations, if Respondent fails to assert it. See Wood v. Milyard, 566 U.S. 463 (2012) (federal habeas court may *sua sponte* enforce the statute of limitations if a respondent has miscalculated, as opposed to deliberately waiving the defense). If Respondent is mistaken in finding the petition timely, Respondent asks this Court to *sua sponte* enforce the statute of limitations.

## IV.  LEGAL STANDARD

To preserve issues for habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction appeal proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir.1997). Failure to raise a claim in a post-conviction appeal is an abandonment of the claim. *Id*. at 1150 (citing *Reese v. Delo*, 94 F.3d 1177, 1181 (8th Cir. 1996)). "A federal habeas claim must rely on the same factual and legal bases relied on in statecourt." *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006).

Where a prisoner has defaulted his claims in state court pursuant to an independent

and adequate state procedural rule, such as failing to raise claims on appeal, habeas review of the claims is barred. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A petitioner may overcome the procedural bar if he can demonstrate a legally sufficient cause for the default and actual prejudice resulting from it. *Id*.; *State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 215 (Mo. 2001) (adopting federal cause and prejudice analysis as means for reviewing defaulted claims in habeas corpus where there is no gateway actual innocence).

The United States Supreme Court held, in *Martinez v. Ryan*, that procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of trial counsel if the petitioner's post-conviction counsel was ineffective in failing to assert the claim in the post-conviction motion. *Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012). "Martinez offers no support, however, for the contention that the failure to preserve claims on appeal from a [post-conviction] proceeding can constitute cause." *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). *Martinez* also does not apply to defaulted claims of ineffective assistance of direct appeal counsel, as opposed to ineffective assistance of trial counsel. *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014). For post-conviction counsel to have been ineffective for not presenting a claim the claim must be plainly stronger than the claims that were presented. *Deck v. Jennings*, 978 F.3d 578, 584 (8th Cir. 2020).

A petitioner may not allege "cause" excusing the default of a claim of trial court error based on ineffective assistance of appellate counsel, if he did not assert a claim of ineffective assistance of appellate counsel in state court, for not raising the alleged trial error claim. *See Edwards v. Carpenter*, 529 U.S. 446, 450–54 (1999); see also *Fields v. Roper*, 448 F. Supp. 2d 1113, 1117 (E.D. Mo. 2006). Direct appeal counsel is not

ineffective for not raising a particular claim unless the claim is plainly stronger than the claims that were raised. *Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017).

Furthermore, to overcome a procedural default, it is not enough for a petitioner to assert a cause for the default, he must also show actual prejudice resulting from it. *Coleman*, 501 U.S. at 750. To show prejudice, a petitioner must show not merely that the alleged cause created the possibility of prejudice, but that it worked to his actual and substantial disadvantage. *See United States v. Frady*, 456 U.S. 152, 153 (1982). The Eighth Circuit has "observed that [procedural bar] 'prejudice' is higher than that required to establish ineffective assistance of counsel under *Strickland*." *Charron v. Gammon*, 69 F.3d 851, 858 (8th Cir. 1995).

Under Missouri Supreme Court Rule 30.20, Missouri appellate courts have the power to conduct discretionary review of unpreserved claims for plain error. Such review does not excuse the default of the claim in the trial court. *Clark v. Bertsch*, 780 F.3d 873, 874 (8th Cir. 2015); *Toney v. Gammon*, 79 F.3d 693, 698–99 (8th Cir. 1996); *see also Hayes v. Lockhart*, 766 F. 2d 1247, 1252–53 (8th Cir. 1985). Reliance on both a procedural bar and a merits decision in alternative holdings does not remove the procedural bar. *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

State court decisions on federal issues are entitled to great deference under 28 U.S.C. § 2254(d). A state court decision must be left undisturbed unless the decision was contrary to, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court.

*Colvin v. Taylor*, 324 F.3d 583, 586–87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or if it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned as an unreasonable interpretation or application of, clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law, even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. Further, failure to extend a United States Supreme Court precedent is not an objectively unreasonable interpretation or application of that precedent. "Section 2254(d)(1) provides a remedy for instances in which a State court unreasonably applies this Court's [the United States Supreme Court's] precedent; it does not require courts to extend that precedent or license federal courts to treat failure to do so as error." *White v. Woodall*, 134 S.Ct. 1697, 1706 (2014) (emphasis and bold in original). State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Merits analysis turns on whether the decision of the Missouri courts is consistent with an objectively reasonable application of United States Supreme Court precedent. Under this standard, "[a] state court's determination that a claim lacks merit precludes

habeas relief so long as fair minded jurists could disagree." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). "If this standard is difficult to meet, that is because it was meant to be." *Id*. "It preserves authority to issue the writ in cases where there is no possibility that fair-minded jurists could disagree that the state court decision conflicts with this Court's [the United States Supreme Court's] precedents. It goes no farther." *Id*.

Additionally, if a lower state court reached the merits of a claim before a petitioner defaulted the claim after the decision, the bar should be enforced, and the lower court merits decision should also receive deference. *See Weaver v. Bowersox*, 241 F.3d 1024, 1030–32 (8th Cir. 2001) (decision of both Missouri Supreme Court and lower court rejecting same claim on merits for different reasons each given deference); *see also Williams v. Roper*, 695 F.3d 825, 833– 39 (8th Cir. 2012) (analyzing both the decisions of the post-conviction review motion court and the Missouri Supreme Court).

When a state prisoner asks a federal court to set aside a conviction or sentence due to ineffective assistance of counsel, the federal courts use a 'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt. *Burt v. Titlow*, 571 U.S. 12, 15 (2013).

"The Due Process Clause does not permit the federal courts to engage in finely tuned review of state evidentiary rules." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Marshall v. Lonberger*, 459 U.S. 422, 438 n.6 (1983)). A federal habeas court may not re-determine the credibility of witnesses already determined in state court. *Marshall*, 459 U.S. at 434. "A federal habeas court may not re-examine a state court's interpretation and application of state law." *Skillicorn v. Luebbers*, 475 F.3d 965, 974 (8th Cir. 2007). A

federal habeas court must use this principle in examining claims that counsel was ineffective for not presenting or trying to exclude evidence in state court or challenging evidentiary rulings by a state court. *Id*. In order to show prejudice from a claim of ineffective assistance of trial counsel, a petitioner must show a reasonable probability that but for the alleged error the outcome of the trial would have been different, rather than that he would have ultimately prevailed on appeal. *Kennedy v. Kemna*, 666 F.3d 472, 485 (8th Cir. 2012).

Review of the reasonableness of a state court rejection of a claim on the merits "is limited to the record before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Similarly, unless a Petitioner meets the stringent requirements of 28 U.S.C. § 2254(e)(2), a defaulted claim for which a petitioner allegedly can show cause and prejudice excusing the default also must be reviewed only on the record presented to the state courts. *Shinn v. Ramirez*, 142 S. Ct. 1718, 1739 (2022).

New constitutional rules of criminal procedure that were not dictated by precedent at the time a case finished direct review are not applied to the case on collateral review. *Edwards v. Vannoy*, 141 S.Ct. 1547, 1551–1552 (2021).

Even if a petitioner meets all the requirements for receiving relief under procedural bar analysis, AEDPA, and merits analysis, a federal habeas court has the discretion to deny habeas relief "unless law and justice require relief." *Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022). Foremost among the considerations in this analysis is the State's interest in punishing the guilty. *Id*. at 1523. Law and justice do not require habeas relief where the petitioner is factually guilty. *Crawford v. Caine*, 55 F.4th 981, 994 (5th Cir.2022).

## V.    DISCUSSION

### A.  <u>Ground One</u>

For his first claim, Petitioner alleges that there was necessarily insufficient evidence to convict on any of the counts the counts involving victim D.B. because the jury only convicted on four of the six counts involving D.B.

The Missouri Court of Appeals rejected a claim that the evidence was insufficient to convict of the four counts of statutory sodomy of which the jury convicted Petitioner concerning victim D.B. Resp. Ex. 9 at 2–4. The Court of Appeals found that D.B. testified to the elements of all the counts against D.B. of which Petitioner was convicted, the jury was the sole judge of the credibility and weight of the testimony, and the evidence was sufficient. *Id*. That decision is consistent with a reasonable application of *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (evidence is sufficient if any reasonable juror could convict giving the State the benefit of all credibility findings and all reasonable inferences). The reasonable decision must be left undisturbed under 28 U.S.C. § 2254(d). Petitioner's assertion that failure to convict of all the counts against one victim invalidates the convictions on the other counts against the victim would also be a new rule of criminal procedure not dictated by precedent that cannot applied on collateral review. *See Edwards* 141 S.Ct. at 1551–1552.

### B.  <u>Ground Two</u>

For his second clam, Petitioner alleges the judge violated his rights by mentioning God during sentencing.

The Court of Appeals rejected an unpreserved claim that the trial court committed

plain error by making a reference at sentencing to people having a maker. Resp. Ex. 9 at 4–9. The Court of Appeals found that the sentencing court stated that its sentence was based on the guilty verdicts, and the impact on the victims, and that the court imposed its sentence based on the rules in place, and that our country has one of the best sets of rules. *Id*. at 7. The Court of Appeals found that there is no evidence in the record that religion was a factor in sentencing and no due process violation. *Id*. at 9. The Court of Appeals also found that there was no plain error.

The claim is procedurally barred. Under Missouri Supreme Court Rule 30.20, Missouri appellate courts have the power to conduct discretionary review of unpreserved claims for plain error. Such review does not excuse the default of the claim in the trial court. *Clark v. Bertsch*, 780 F.3d at 874 (8th Cir. 2015); *Toney v. Gammon*, 79 F.3d 693, 698–99; *see also Hayes v. Lockhart*, 766 F. 2d at 1252–53. Reliance on both a procedural bar and a merits decision in alternative holdings does not remove the procedural bar. *Harris v. Reed*, 489 U.S. at 264 n.10.

The merits decision of the Missouri Court of Appeals is also entitled to deference under 28 U.S.C. § 2254(d). The decision is not contrary to nor an unreasonable application of any clearly established United States Supreme Court precedent.

### C. **Ground Three**

For his third claim, Petitioner alleges that the prosecutor either elicited false testimony or failed to disclose evidence because Petitioner perceives a discrepancy between a Children's Division report and the testimony of victim K.D. The Court of Appeals rejected an unpreserved claim that it was plain error for the prosecutor to have

committed an alleged *Brady* or *Napue* violation because of an alleged discrepancy between the report of a social worker about an interview of victim K.D. and K.D.'s trial testimony about the location of the beds in K.D.'s home. Resp. Ex. 9 at 9–11. The Court of Appeals found that there was no evidence of falsehood in the testimony of the victim and no evidence of suppression, so the claim was without legal merit. *Id*.

The claim is procedurally barred. Under Missouri Supreme Court Rule 30.20, Missouri appellate courts have the power to conduct discretionary review of unpreserved claims for plain error. Such review does not excuse the default of the claim in the trial court. *Clark v. Bertsch*, 780 F.3d at 874 (8th Cir. 2015); *Toney v. Gammon*, 79 F.3d 693, 698–99; *see also Hayes v. Lockhart*, 766 F. 2d at 1252–53. Reliance on both a procedural bar and a merits decision in alternative holdings does not remove the procedural bar. *Harris v. Reed*, 489 U.S. at 264 n.10.

The merits decision of the Missouri Court of Appeals is also entitled to deference under 28 U.S.C. § 2254(d). The decision is not contrary to nor an unreasonable application of any clearly established United States Supreme Court precedent. An alleged inconsistency between a social worker's report of a victim's statement about where the beds in the home were located that the victim did not even remember making does not establish that the victim's trial testimony was perjured or that the prosecutor failed to disclose anything. *See Murray v. Delo*, 34 F.3d 1367, 1375–1376 (8th Cir. 1994) (witness statements often contain inconsistencies with testimony, but that does not establish perjury).

### D.  **Ground Four**

For his fourth claim, Petitioner alleges that the prosecutor violated his rights by mentioning his demeanor during closing argument.

The Court of Appeals rejected an unpreserved claim that it was plain error for the prosecutor to mention Petitioner's body language during closing argument. Resp. Ex. 9 at 11–13. The Court of Appeals found that the un- objected to comment was not a direct or indirect comment on Petitioner's decision not to testify and the trial court did not commit plain error in not *sua sponte* intervening.

The claim is procedurally barred. Under Missouri Supreme Court Rule 30.20, Missouri appellate courts have the power to conduct discretionary review of unpreserved claims for plain error. Such review does not excuse the default of the claim in the trial court. *Clark v. Bertsch*, 780 F.3d at 874 (8th Cir. 2015); *Toney v. Gammon*, 79 F.3d 693, 698–99; *see also Hayes v. Lockhart*, 766 F. 2d at 1252–53. Reliance on both a procedural bar and a merits decision in alternative holdings does not remove the procedural bar. *Harris v. Reed*, 489 U.S. at 264 n.10.

The merits decision of the Missouri Court of Appeals is also entitled to deference under 28 U.S.C. § 2254(d). The decision is not contrary to nor an unreasonable application of any clearly established United States Supreme Court precedent. *See James v. Bowersox*, 187 F.3d 866, 869 (8th Cir. 1999) (no due process violation results from un-objected to closing argument unless the argument was inflammatory and outrageous that any reasonable judge would have *sua sponte* declared a mistrial).

17

### E.  **Ground Five**

For his fifth claim, Petitioner alleges the trial court violated his rights by allowing a letter from victim K.D. to be read to the jury in its entirety. The Court of Appeals rejected an unpreserved claim that it was plain error to admit the entirety of a letter by the victim K.D. Resp. Ex. 9 at 13–15.

The Court of Appeals found that the defense referenced three portions of the letter to support a defense theory during cross-examination, and that the entire letter was therefore properly admissible under Missouri's rule of completeness. *Id*. at 15.

The claim is procedurally barred. Under Missouri Supreme Court Rule 30.20, Missouri appellate courts have the power to conduct discretionary review of unpreserved claims for plain error. Such review does not excuse the default of the claim in the trial court. *Clark v. Bertsch*, 780 F.3d at 874 (8th Cir. 2015); *Toney v. Gammon*, 79 F.3d 693, 698–99; *see also Hayes v. Lockhart*, 766 F. 2d at 1252–53. Reliance on both a procedural bar and a merits decision in alternative holdings does not remove the procedural bar. *Harris v. Reed*, 489 U.S. at 264 n.10.

The merits decision of the Missouri Court of Appeals is also entitled to deference under 28 U.S.C. § 2254(d). The decision is not contrary to nor an unreasonable application of any clearly established United States Supreme Court precedent. "The Due Process Clause does not permit the federal courts to engage in finely tuned review of state evidentiary rules." *Estelle v. McGuire*, 502 U.S. at 72 (quoting *Marshall v. Lonberger*, 459 U.S. 422, 438 n.6 (1983)). A federal habeas court may not re-determine the credibility of witnesses already determined in state court. *Marshall*, 459 U.S. at 434. "A federal habeas

court may not re-examine a state court's interpretation and application of state law." *Skillicorn v. Luebbers*, 475 F.3d at 974.

Here, the defense used chosen parts of a letter by victim K.D. in an attempt to impeach her on cross-examination. Under Missouri's rule of completeness the State was allowed to read the entire letter to the jury, so that the jury could consider the impeachment in context. This state law evidentiary ruling does not even raise a federal question, let alone contradict or unreasonably apply clearly established United States Supreme Court precedent.

### F.  Ground Six

For his sixth claim, Petitioner alleges that the victims' mother was not corrected for crying during testimony but that Petitioner's father was corrected for shaking his head during closing argument.

The Court of Appeals rejected a claim that the trial court erred in allegedly not correcting the victims' mother for crying during testimony but allegedly correcting Petitioner's father for making faces during closing argument. *Id*. at 15–17. The Court of Appeals found that there was no evidence in the record that either of these things happened, and that Petitioner could not support his claim on appeal by introducing affidavits that were not part of the trial court record. *Id*.

This decision is not contrary to nor an unreasonable application of any United States Supreme Court precedent. An appellate court cannot grant relief on a claim of trial court error that is not supported by any evidence in the trial court record that the alleged events even occurred. No United States Supreme Court precedent holds that a contrary principle

exists. The merits decision of the Missouri Court of Appeals is also entitled to deference under 28 U.S.C. § 2254(d).

### G. <u>Ground Seven</u>

The only claim that Petitioner raised in his appeal of the denial of post-conviction relief was that counsel was ineffective for not calling Fessler and Robert Varvil as mitigation witnesses at sentencing. Resp. Ex. 16 at 4. The Court of Appeals found there was no *Strickland* prejudice from not calling the witnesses as the sentencing judge found that the testimony would not have helped Petitioner. *Id*. at 4–6. That is the only ineffectiveness claim preserved for review by this Court. But Petitioner does not appear to raise that claim here. Insofar as anything Petitioner alleges may be construed to include that claim the decision of the Missouri Courts rejecting that claim is entitled to deference under 28 U.S.C. § 2254(d).

The ineffectiveness claims Petitioner lists in his current petition are set out below. Those claims are procedurally barred and generally are conclusory allegations that do not set out the elements of a claim under *Strickland v. Washington*, 466 U.S. 668, 687–695 (1984) (counsel must have acted outside the wide range of professional competence creating a reasonable probability that the outcome of the proceeding was changed); *see also Hill v. Lockhart*, 474 U.S. 52, 60 (failure to specifically allege the kind of prejudice required by Strickland creates an unreviewable claim); *Adams v. Armontrout*, 897 F. 2d 332, 333–334 (8th Cir. 1990) (a petitioner must state in the petition specific particularized facts, which entitle him to habeas relief on each ground specified and contain sufficient detail to allow the court to review the matter).

### 1.   Petitioner's Claim That Counsel Was Not Sufficient

Petitioner alleges that his counsel's representation was generally insufficient. As well as being barred, this claim does not set out with any specificity facts or even allege the elements of a claim under *Strickland v. Washington*.

### 2.   Petitioner's Claim That Counsel Took Too Long to Object

Petitioner alleges that when making objections counsel would take too long to say why he was objecting causing the jury to forget the point of the objection. As well as being barred, this claim does not set out with any specificity facts or even allege the elements of a claim under *Strickland v. Washington*.

### 3.   Petitioner's Claim That Counsel Did Not Preserve Objections

Petitioner alleges that counsel did not preserve his objections. As well as being barred, this claim does not set out with any specificity facts or even allege the elements of a claim under *Strickland v. Washington*. To show prejudice from a claim of ineffective assistance of trial counsel, a petitioner must show a reasonable probability that but for the alleged error the outcome of the trial would have been different, rather than that he would have ultimately prevailed on appeal. *Kennedy v. Kemna*, 666 F.3d at 485.

### 4.   Petitioner's Claim That Counsel Did Not Use Points Petitioner Raised to Cross-Examine a Witness

Petitioner alleges that counsel refused to do what Petitioner told him to do in cross-examining witnesses. As well as being barred, this claim does not set out with any specificity facts or even allege the elements of a claim under *Strickland v. Washington*.

### 5.   Petitioner's Claim That Counsel Did Not Preserve Objections

Petitioner alleges counsel ineffectively advised Petitioner not to testify. The motion court found counsel was not ineffective in advising Petitioner not to testify and that testimony by Petitioner may have made matters worse. Resp. Ex. 13 at 3–4. The court found counsel's testimony that he properly advised Petitioner concerning his right to testify or not testify to be credible, and rejected a claim that counsel did not properly advise Petitioner. *Id*. at 4–5. The claim was then defaulted when Petitioner did not pursue it in the appeal of the denial of post-conviction relief. "Martinez offers no support, however, for the contention that the failure to preserve claims on appeal from a [post-conviction] proceeding can constitute cause." *Arnold v. Dormire*, 675 F.3d at 1087). The claim is also without merit for the reasons found by the post-conviction court.

### 6.   Petitioner's Claim That Counsel Refused to Call Petitioner's Witnesses

Petitioner alleges that counsel refused to call witnesses that would have proved Petitioner's innocence. As well as being barred, this claim does not set out with any specificity facts or even allege the elements of a claim under *Strickland v. Washington*.

### 7.   Petitioner's Claim That Counsel Refused to Present Evidence Petitioner Gave Him

Petitioner alleges that counsel refused to present evidence given to him by Petitioner that would have proved Petitioner's innocence. As well as being barred, this claim does not set out with any specificity facts or even allege the elements of a claim under *Strickland v. Washington*.

### 8. Petitioner's Claim That Counsel Did Not Prepare for Trial

Petitioner alleges that counsel was not adequately prepared for trial. As well as being barred, this claim does not set out with any specificity facts or even allege the elements of a claim under *Strickland v. Washington*.

### 9. Petitioner's Claim That He Told the Judge at Sentencing That He Had Insufficient Counsel

Petitioner alleges that at sentencing he told the judge that he did not believe he had good representation. As well as being barred, this claim does not set out with any specificity facts or even allege the elements of a claim under *Strickland v. Washington*.

### 10. Petitioner's Claim That He Told the Judge He Was Not Sure about His Representation

Petitioner alleges that at sentencing he told the judge that he was not sure about his representation and needed to talk to a different lawyer and the judge told him he believed that he had good representation. As well as being barred, this claim does not set out with any specificity facts or even allege the elements of a claim under *Strickland v. Washington*.

## VI.   CONCLUSION

For the foregoing reasons, this Court will deny Varvil's § 2254 motion [Doc. 1] without an evidentiary hearing.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Varvil has not made a substantial showing of the denial of federal constitutional right.

**SO ORDERED** this 13th day of January, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE